IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **GEORGE ABRAHAM WATTS,** § <br> Petitioner, § <br> § <br> v. § <br> § Civil Action No. 4:07-CV-242-A <br> **NATHANIEL QUARTERMAN,** Director, § <br> **Texas Department of Criminal Justice,** § <br> **Correctional Institutions Division,** § <br> Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner George Abraham Watts, TDCJ-ID #343183, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated in Beeville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

Watts is serving a life sentence for his 1983 conviction for theft of property over $200 but

less than $10,000 in cause no. 28763A in the 213th Judicial District Court of Tarrant County, Texas. *Ex parte Watts*, State Habeas Application No. WR-65,306-01, at 26. The Second District Court of Appeals of Texas affirmed the conviction on July 27, 1983, and the Texas Court of Criminal Appeals refused his petition for discretionary review on March 7, 1984. *Watts v. Texas*, 655 S.W.2d 350 (Tex. App.–Fort Worth 1983); *Watts v. Texas*, PDR No. 1067-83. Watts did not seek writ of certiorari. (Petition at 3.) Beginning in 2006, Watts also sought state habeas relief, to no avail. *See Ex parte Watts*, Application Nos. WR-65, 306-01, WR-65,306-02, WR-65,306-03, and WR-65,306-04. Watts filed this federal petition for writ of habeas corpus on April 19, 2007.[1] As ordered, Quarterman has filed a preliminary response with supporting brief and documentary exhibits addressing only the issue of limitations, to which Watts has filed a reply.

### D.  ISSUES

In one ground, Watts claims he is actually innocent of the crime for which he was convicted. (Petition at 7.)

### E.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

>        (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>        (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>        (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Because Watts's conviction became final before the AEDPA's effective date, Watts had one year from the AEDPA's effective date to file a federal habeas corpus action. Thus, his federal petition was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202. Watts's state habeas actions filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor has Watts asserted a valid reason for his failure to file his petition in a timely manner, and the record reveals none. Equitable tolling of the federal limitations period is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.

1998).  Watts explains his delay in seeking habeas relief by asserting that he just recently learned of the "actual innocence miscarriage of justice standard cited in *Schlup v. Delo*." (Pet'r Response at 3.)  Based on this premise, Watts argues that to time-bar his petition would constitute a miscarriage of justice as he is actually innocent of the offense. (Pet'r Reply at 2; Pet'r Memorandum in Support at 10.)  Claims of actual innocence of a crime, however, does not justify equitable tolling of the limitations period.  *See Felder v. Johnson*, 204 F.3d 168-71 (5th Cir. 2000); *Dewberry v. Director, TDCJ-CID*, No. 6:06-CV-124, slip copy 2006 WL 3759887, at *8 (E.D.Tex. Dec. 18, 2006); *Arreaga v. Quarterman*, No. EP-05-CA-302-KC, slip copy, 2006 WL 3063930, at *3 (W.D.Tex. Oct. 25, 2006.)  Furthermore, *Schlup v. Delo*, 513 U.S. 298 (1995), was decided in 1995.  Watts's alleged lack of knowledge or ignorance of the law does not excuse prompt filing.  *See Fisher*, 174 F.3d at 714.  Watts has not demonstrated rare or exception circumstances that would justify equitable tolling.

Watts's federal petition was due on or before April 24, 1997.  His petition filed on April 19, 2007, was filed beyond the limitations period and is, therefore, untimely.

## II.  RECOMMENDATION

Watts's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until July 19, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 19, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 28, 2007.

                                           /s/   Charles Bleil
                                          CHARLES BLEIL
                                          UNITED STATES MAGISTRATE JUDGE