IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| GEORGE ABRAHAM WATTS, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | NO. 4:07-CV-242-A |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, Texas Department § | |
| of Criminal Justice, § | |
| Correctional Institutions § | |
| Division, § | |
| § | |
| Respondent. § | |

O R D E R

Came on for consideration the above-captioned action wherein George Abraham Watts ("Watts") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On June 28, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by July 19, 2007. Watts timely filed objections to the magistrate judge's findings. Director did not file a response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or

conclusory objections.  <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

Watts filed his federal petition for writ of habeas corpus in this court on April 23, 2007.  The magistrate judge found that the applicable statute of limitations ran on Watts' petition on April 24, 1997, and thus his petition should be dismissed as time-barred.  Watts appears to object to this finding in stating that the statute of limitations should be tolled and his petition found timely as he asserts a claim of actual innocence of a crime in the petition.  Watt's argument is misplaced.  The Fifth Circuit has established that claims of actual innocence of a crime, without more, do not constitute the type of "rare and exceptional" circumstance in which the statue of limitations for filing a habeas petition will be tolled.  <u>See</u> <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000).  Accordingly, Watts' federal petition is untimely and should be dismissed as time-barred.

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed with prejudice as time-barred.

SIGNED August 3, 2007.

JOHN McBRYDE
United States District Judge

2